UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KIM MCKENZIE,

              Plaintiff,

    -against-

WILMINGTON SAVINGS FUND SOCIETY, *et. al.*,

              Defendants.
-----------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 25 2023 ★
LONG ISLAND OFFICE

**ORDER**
23-CV-6565(GRB)(AYS)

**GARY R. BROWN, United States District Judge:**

    Before the Court is an application to proceed *in forma pauperis* filed by Kim McKenzie ("Plaintiff"), acting *pro se*. *See* Docket Entry ("DE") 2. For the reasons that follow, Plaintiff's application to proceed *in forma pauperis* is denied without prejudice and with leave to renew upon filing the enclosed "Application to Proceed in District Court without Prepaying Fees or Costs (Long Form)" (AO 239) ("Long Form"). Alternatively, Plaintiff may pay the $402.00 filing fee.

    To qualify for *in forma pauperis* status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted). "The purpose of the statute permitting litigants to proceed IFP [*in forma pauperis*] is to insure that indigent persons have equal access to the judicial system." *Davis v. NYC Dept. of Educ.*, 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. August 27, 2010) (citing *Gregory v. NYC Health & Hospitals Corp.*, 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)). The determination of whether an applicant qualifies for *in forma pauperis* status is within the discretion of the district court. *Davis*, 2010 WL

3419671 at *1 (citing *DiGianni v. Pearson Educ.*, 10-CV-0206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010)).  The court may dismiss a case brought by a plaintiff requesting to proceed *in forma pauperis* if the "allegation of poverty is untrue."  28 U.S.C. § 1915(e)(2)(A).

Plaintiff's application does not include sufficient information for the Court to determine her qualification for *in forma pauperis* status and raises more questions than it answers.  *See* DE 2, *generally*.  Plaintiff reports that she is employed and receives weekly pay in the net sum of $437.00.  *Id.* ¶ 2.  Additionally, Plaintiff reports that she has received income from a pension during the past twelve months but has not include the amount.  *Id.* ¶ 3.  Although Plaintiff reports that she has $1,200 in cash or money in an account, she has not answered any of the questions on the form concerning her expenses or debts.  *Id.* ¶¶ 4, 6-8. Curiously, Plaintiff included a residential address and telephone number in her complaint yet reports no expenses associated therewith.  *Id.* ¶ 6; see also DE 1.  Nor does she include any expenses for items such as food, utilities, and transportation.  DE 2 at ¶ 6.

Thus, the Court finds that Plaintiff's responses do not include sufficient information concerning her finances and raise more questions than they answer.  Accordingly, Plaintiff can best set forth her current financial position on the Long Form.  Accordingly, Plaintiff's application to proceed *in forma pauperis* is denied without prejudice and with leave to renew upon filing the enclosed Long Form.  Alternatively, Plaintiff may pay the $402.00 filing fee.  Plaintiff is cautioned that, once paid, there are no refunds of the filing fee regardless of the outcome of the case.[1]  Plaintiff shall either file the Long Form or remit the filing fee within two (2) weeks of the date of this Order or this action will be dismissed without prejudice.

---

[1] Plaintiff would be well-advised to avail herself of the free resources provided by the *Pro Se* Legal Assistance

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/s/ Gary R. Brown

Dated: September 25, 2023
Central Islip, New York

Hon. Gary R. Brown
United States District Judge

---

Program ("PSLAP") run by Hofstra Law School in deciding how to proceed. Plaintiff may reach PSLAP by telephone at (631)297-2575 or by email at PSLAP@Hofstra.edu.