UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
KIM MCKENZIE,

                                                   **REPORT AND**
                                                   **RECOMMENDATION**
                     Plaintiff,           CV 23–6565 (GRB)(AYS)

        -against-

WILMINGTON SAVINGS FUND
SOCIETY, BANK OF NEW YORK
MELLON COMPANY AS FHA
QUALIFIED TRUSTEE FOR RESCAP
LIQUIDATION TRUST, FAIRMOUNT
FUNDING, LTD, NEW YORK CORP.,
GMAC MORTGAGE, LLC,

                    Defendants.
----------------------------------------------------X
**SHIELDS, Magistrate Judge,**

      Pro se plaintiff Kim McKenzie ("McKenzie" or "Plaintiff") commenced this action against inter alia Wilmington Savings Fund Society[1] ("WSFS") and Bank of New York Mellon Trust Company as FHA Qualified Trustee for Rescap Liquidation Trust ("BNYM") (collectively "Defendants") alleging that they lacked standing to foreclose on her former property.

      Presently before this Court, upon the referral by the Honorable Gary R. Brown for Report and Recommendation of a pre-motion conference and all subsequent motions in this matter, see Order of Referral dated 10/20/2023, is Defendants' motion to dismiss the Complaint pursuant to Rule 12(b)(1), and (6) of the Federal Rules of Civil Procedure. (See Docket Entry ("DE") [21].)

---

[1]. The Complaint incorrectly identifies Wilmington Savings Fund Society as the Defendant when the correct name is Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust-1. (DE [22], Memorandum of Law Supporting Motion to Dismiss ("MOL"), at 6.)

The present motion was fully briefed on February 26, 2024. As discussed below, this Court respectfully recommends that the motion to dismiss be granted with prejudice.

BACKGROUND

I.    Documents Considered

As is required in the context of this motion to dismiss, the factual allegations in the Complaint, though disputed by Defendants, are accepted to be true for purposes of this motion, and all reasonable inferences are drawn therefrom in favor of the Plaintiff.

While facts to consider in the context of a Rule 12 motion to dismiss are generally limited to those set forth in the pleadings, a court may consider matters outside of the pleadings under certain circumstances. Specifically, in the context of a Rule 12(b)(6) motion, a court may consider: (1) documents attached to the Complaint as exhibits or incorporated by reference therein; (2) matters of which judicial notice may be taken; or (3) documents upon the terms and effects of which the Complaint "relies heavily" and which are, thus, rendered "integral" to the Complaint." Chambers v. Time Warner, Inc., 282 F.3d 147, 152-153 (2d Cir. 2002); see Int'l Audiotext Network, Inc. v. Am. Tel. and Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995). Moreover. "[a] court may take judicial notice of documents filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." Glob. Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 157 (2d Cir. 2006) (quoting Int'l Star Class Yacht Racing Ass'n Tommy Hilfiger U.S.A., Inc., 146 F.3d 66, 70 (2d Cir. 1998)).

Where, as here, the complaint was filed pro se, it must be construed liberally with "special solicitude" and interpreted to raise the strongest claims that it suggests. Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011) (internal quotation marks omitted). Nonetheless,

a pro se complaint must state a plausible claim for relief. See Harris v. Mills, 572 F.3d 66, 73 (2d Cir. 2009).

The Court turns now to discuss the facts set forth in Plaintiff's Complaint, construed in her favor.

II.  Facts

    A.  Background

        1.  The Foreclosure Action

On or about October 28, 2008, Plaintiff executed a mortgage which was secured by a note for the property located at 76 State Avenue, Wyandanch, NY 11798 (the "Property"). (DE [23], Declaration of Joseph M. DeFazio ("DeFazio Decl."), ¶ 1, Ex. A.) From June 2009 and continuing for over 14 years, Plaintiff defaulted on her mortgage payments. (DeFazio Decl. ¶ 2; DE [23-2], Ex. B.) In November 2012, GMAC Mortgage LLC, a predecessor-in-interest of Defendants, commenced a state foreclosure action against Plaintiff (the "State Foreclosure Action"). (Id.) GMAC Mortgage LLC assigned the loan to BNYM, BYNM assigned the loan to non-party WVMF Funding, who then subsequently assigned it to WSFS. (DeFazio Decl. ¶ 3; DE [23-3], Ex. C.) Both BNYM and WSFS have been Plaintiffs to the State Foreclosure Action. (DeFazio Decl. ¶ 4; DE [23-4], Ex. D.)

An Order dated November 14, 2016, granted default judgment against Plaintiff for failure to respond to the State Foreclosure Action. (DeFazio Decl. ¶ 4, DE [23-4], Ex. D.) On March 15, 2018, an Order for Judgment of Foreclosure and Sale was granted. (DeFazio Decl. ¶ 5, DE [23-5], Ex. E.)

On March 28, 2019, Plaintiff filed an Order to Show Cause seeking injunctive relief and dismissal of the State Foreclosure Action. (DeFazio Decl. ¶ 5; DE [23-4], Ex. D.) The filing

3

argues that BNYM, as the Plaintiff, lacked standing to maintain the action (DeFazio Decl. ¶ 6; DE [23-6], Ex. F.) By Order dated July 22, 2019, Plaintiff's motion was denied in its entirety. (Id.)

Plaintiff did not appeal the Order, but subsequently filed a Motion to Vacate the Judgment of Foreclosure and Sale, for lack of standing. (DeFazio Decl. ¶ 4; DE [23-4], Ex. D.) BNYM opposed the motion, arguing that Plaintiff previously moved for the same relief, which was denied on the merits by Order dated July 22, 2019. (Id.) The State Court agreed, denying Plaintiff's motion based on res judicata and the law of the case doctrine. (DeFazio Decl. ¶ 7; DE [23-7], Ex. G.) The Court stated, "[i]n any event, defendant's claim that plaintiff lacks standing herein is devoid of merit." (Id.)

To date, the State Court Foreclosure Action is still pending in the Supreme Court of New York, Suffolk County. (DeFazio Decl. ¶ 4; DE [23-4], Ex. D.) Prior to commencing the instant litigation, Plaintiff filed an Order to Show Cause in the State Foreclosure Action seeking a stay of the transfer of title to the mortgaged property subsequent to the foreclosure sale held on June 22, 2023. (Id.) Plaintiff's argument, once again, was lack of standing. (Id.) On November 2, 2023, the State Court issued an Order denying the Plaintiff's Order to Show Cause stating:

> In as much as the Supreme Court's Order (Hackman, J.) dated July 22, 2019, denied defendant's motion to vacate the prior orders and dismiss the complaint, that order is the law of the case. Defendant's motion herein does not articulate a change in law nor is it supported by new evidence. (See, J-Mar Service Center, Inc. v. Mahoney, 45 A.D.3d 809, 847 N.Y.S.2d 130 (2nd Dept. 2007)). The Court notes that prior court orders have also addressed defendant's arguments herein and were previously denied. Accordingly, defendant's motion is barred by the law of the case doctrine.

(Declaration in Support of Reply Memorandum of Law ("DeFazio Rply. Decl.") ¶ 2, DE [26]; DE [26-1], Ex. A.)

4

    2. <u>The Instant Litigation</u>

Plaintiff commenced this action asserting eleven claims against the Defendants. (<u>See Generally</u>, Compl., DE [1].) Plaintiff's claims include: (1) Unfair Trade Practices Involving Non-Compliance 15 U.S.C. § 1601, <u>et. seq.</u>; (2) Disclosure Violation, pursuant to 15 U.S.C. § 1635, <u>et. seq.</u>; (3) Missing Statements Violation, pursuant to 15 U.S.C. § 1635, <u>et. seq.</u>; (4) Missing Disclosure Statements Violation, pursuant to 15 U.S.C. § 1638, <u>et. seq.</u>; (5) Right to Rescind Violations, pursuant to Title 12 C.F.R. § 266, <u>et. seq.</u>; (6) Deceptive Grouping Violations, pursuant to Title 12 C.F.R. § 226, <u>et. seq.</u>; (7) No Good Faith Estimate Violations, pursuant to Title 12 C.F.R. § 226, <u>et. seq.</u>; (8) Failure to Disclose Calculation of Mortgage Balance, pursuant to Tile 12 C.F.R. § 226.4, <u>et. seq.</u>; (9) Inflation of Acceleration Fees, in violation of 12 U.S.C. § 2610, <u>et. seq.</u>; (10) Failure to Give 3 Day Cooling Period; in violation of 15 U.S.C. § 1601, <u>et. seq.</u> and Regulation Z; and (11) Failure to Give Proper Notice of Default and Right to Cure and Acceleration Notice, in violation of 12 U.S.C. § 2601, <u>et. seq.</u>, and 12 C.F.R. § 226.18. (Compl. at 1-2.)

The Complaint states that, "[t]his is not about the '… foreclosure itself or the judgment…' but the status of standing of the defendant's ability to commence the proceedings prior to the action itself." (Compl. at 6.) "Despite the current legal status of the foreclosure proceeding and its appeal, the plaintiff is not arguing the issues on the foreclosure, its raising issue with the defendant's lacking standing prior to the commencement itself." (<u>Id.</u> at 10.)

  B. <u>Procedural History</u>

Plaintiff commenced this action on August 29, 2023. (<u>See</u> Compl., DE [1].) That same day, Plaintiff filed a motion for leave to proceed <u>in forma pauperis</u>. (<u>See</u> DE [2].) That motion

5

was denied without prejudice to renew on September 25, 2023. (DE [5].) Plaintiff was directed to either set forth her current financial position on the Application to Proceed in District Court without Prepaying Fees or Costs (Long Form) (AO239) or remit the filing fee within two weeks of September 25, 2023. (Id.) On September 27, 2023, Plaintiff paid the filing fee. (DE [6].)

On October 19, 2023, the Defendants requested a pre-motion conference for leave to move to dismiss complaint. (DE [14]). The Honorable Gary R. Brown referred the pre-motion conference request and any subsequent briefing schedules and motions resulting from the request to the undersigned. (See Order Referring Motion dated 10/19/2023.) On October 23, 2023, the undersigned waived the pre-motion conference requirement and entered a briefing schedule. (See Electronic Order dated 10/23/2023.)

On February 26, 2024, Defendants filed the instant motion to dismiss. (See DE [21].)

III.    The Motion to Dismiss

Defendants move to dismiss all claims. First, they argue that the Complaint is barred by the doctrine of res judicata and collateral estoppel. Defendants assert that Plaintiff seeks to re-litigate the issue of standing to bring the State Foreclosure Action, which has repeatedly been denied by the State Court. As the Defendants are parties to the State Foreclosure Action, Defendants contend that Plaintiff has attempted to argue the exact same claims against the same parties. (Defs.' Br. at 13-15, DE [22].)

Defendants also assert that pursuant to the Rooker-Feldman doctrine, the Court lacks jurisdiction to hear this case. Defendants argue that the State Court has already considered, rejected, and denied Plaintiff's standing argument. Therefore, the Federal Court is barred from reviewing the argument.

The Court now turns to the merits of the motion.

6

DISCUSSION

I.  Legal Principles: Standards Applicable on Motions to Dismiss

A.  Rule 12(b)(1)

When a defendant moves to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, and also moves to dismiss on other grounds, the Court must consider the Rule 12(b)(1) motion first. Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). Here, Defendants asks the Court to dismiss Plaintiff's claims pursuant to Rule 12(b)(1) under Rooker-Feldman.

　　1.  Rooker-Feldman Doctrine

The Rooker-Feldman doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d. 454 (2005). The Second Circuit has articulated four requirements that must be met before a federal court may dismiss an action under Rooker-Feldman:

> First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must "complain[ ] of injuries caused by [a] state-court judgment[.]" Third, the plaintiff must "invit[e] district court review and rejection of [that] judgment[ ]." Fourth, the state-court judgment must have been "rendered before the district court proceedings commenced"—i.e., Rooker-Feldman has no application to federal-court suits proceeding in parallel with ongoing state-court litigation.

Hoblock v. Albany Cty. Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005) (quoting Exxon Mobil, 544 U.S. at 284) (alterations in the original). Hoblock describes the first and fourth requirements as "procedural" and the second and third as "substantive." Id. Here, the procedural elements of

7

the Rooker-Feldman doctrine have been met. See id. at 85. Plaintiff lost in the foreclosure action in New York State Court and the Judgment was issued before Plaintiff commenced this action.

To satisfy the substantive elements, the federal action must "complain[ ] of injury from a state-court judgment and seek[ ] to have that state-court judgment reversed." Hoblock, 422 F.3d at 86. If the federal plaintiff "present[s] some independent claim," even if that claim has been decided adversely to him in state court, "then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." Exxon Mobil, 544 U.S. at 293 (citation omitted). As the Second Circuit has explained, "federal plaintiffs are not subject to the Rooker-Feldman bar unless they *complain of an injury* caused by a state judgment." Hoblock, 422 F.3d at 87 (emphasis in original).

It is well settled that "an action seeking a declaration of property ownership after loss of title pursuant to a state-court foreclosure judgment [is] barred by Rooker-Feldman." Riley v. Comm'r of Fin., 618 F. App'x 16, 17 (2d Cir. 2015). Accordingly, this Court lacks jurisdiction to review or nullify the Judgment of Foreclosure, which it would have to do in order to provide Plaintiff the relief she seeks against the Defendants.

B.  Rule 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (quoting, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Arista Records, LLC v. Doe 3, 604 F.3d 110, 119–20 (2d Cir. 2010). Facial plausibility is established by pleading sufficient factual content to allow a court to reasonably infer the defendant's liability. Twombly, 550 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at

555. Nor is a pleading that offers nothing more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," sufficient. Iqbal, 556 U.S. at 678 (2009) (quoting Twombly, 550 U.S. at 555).

District courts are "obligated to construe pro se complaint [s] liberally," Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), interpreting them "to raise the strongest arguments that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). Courts may not, however, read into pro se submissions claims inconsistent with the pro se litigant's allegations, Phillips v. Girdich, 408 F.3d 124, 127 (2d Cir. 2005) (citation omitted), or arguments that the submissions themselves do not "suggest," Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006). Pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (citation omitted).

With these standards in mind, the Court turns to assess the viability of Plaintiff's claims.

II.     Plaintiff's Claims are Barred by Res Judicata and Collateral Estoppel

Assuming arguendo that Plaintiff's claims are not barred by Rooker-Feldman, Plaintiff's claims here are nonetheless barred by the doctrines of res judicata and collateral estoppel.

Res judicata and collateral estoppel are related but distinct doctrines that may bar a party from litigating certain claims or issues in a subsequent proceeding. Flaherty v. Lang, 199 F.3d 607, 612 (2d Cir. 1999). "[I]t is well settled that a court may dismiss a claim on *res judicata* or collateral estoppel grounds under a Rule 12(b)(6) motion." Linden Airport Mgmt. Corp. v. New York City Econ. Dev. Corp., No. 08 CIV. 3810 (RJS), 2011 WL 2226625, at *3 (S.D.N.Y. June 1, 2011) (internal quotation marks omitted) (quoting Sassower v. Abrams, 833 F. Supp. 253, 264 n.18 (S.D.N.Y. 1993)). "When a defendant raises *res judicata* or collateral estoppel as an affirmative defense and 'it is clear from the face of the complaint, and consideration of matters

9

which the court may take judicial notice of, that the plaintiff's claims are barred as a matter of law,' dismissal under Rule 12(b)(6) is appropriate." Id. (quoting Conopco, Inc. v. Roll Int'l, 231 F.3d 82, 86 (2d Cir. 2000)). As a pro se claimant is "not exempt ... from compliance with relevant rules of procedural and substantive law ...." Traguth, 710 F.2d at 95 (internal quotations and citation omitted), the doctrine of collateral estoppel and *res judicata* are equally applicable to pro se claimants. See, e.g., Iwachiw v. Gen. Elec. Corp., No. 99–3668, 2000 WL 381977, at *3–4 (E.D.N.Y. Feb. 22, 2000) (applying *res judicata* and collateral estoppel to bar the action by the pro se plaintiff who sought to litigate matters in the federal forum that have already been litigated in arbitration); Caldwell v. Pesce, 83 F. Supp. 3d 472, 481 (S.D.N.Y. 2015) ("[T]he doctrines of *res judicata* and collateral estoppel apply to *pro se* litigants." (citing Austin v. Downs, Rachlin & Martin Burlington St. Johnsbury, 270 F. App'x 52 (2d Cir. 2008))).

Collateral estoppel is synonymous with "issue preclusion." "[U]nder collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994) (quoting Allen v. McCurry, 449 U.S. 90, 94 n.5 (1980)). See also Marvel Characters, Inc. v. Simon, 310 F.3d 280, 288 (2d Cir. 2002) ("Collateral estoppel, or issue preclusion, prevents parties or their privies from relitigating in a subsequent action an issue of fact or law that was fully and fairly litigated in a prior proceeding."). Application of the doctrine does not require an identity of parties in the proceedings. Amadsau v. Bronx Lebanon Hosp. Ctr., No. 03 CIV.6450 LAK AJP, 2005 WL 121746, at *8 (S.D.N.Y. Jan. 21, 2005), report and recommendation adopted sub nom. Amadasu v. Rosenberg, No. 03CIV.6450LAK, 2005 WL 954916 (S.D.N.Y. Apr. 26, 2005), aff'd, 225 F.

10

App'x 32 (2d Cir. 2007) ("[T]he doctrine of collateral estoppel does not require that the same parties are named in the earlier action in order to apply to the instant action.").

"[T]he preclusive effect of a state court determination in a subsequent federal action is determined by the rules of the state where the prior action occurred ...." New York v. Sokol (In re Sokol), 113 F.3d 303, 306 (2d Cir. 1997) (citing 28 U.S.C. § 1738). See also Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984) ("a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."). In New York, for issue preclusion to apply, "(1) the identical issue must have been necessarily decided in the prior action and must be decisive in the present action, and (2) the party who is precluded from relitigating the issue must have had a full and fair opportunity to contest the matter in the prior action." Strough v. Inc. Vill. of W. Hampton Dunes, 78 A.D.3d. 1037, 1039 (2d Dept 2010). See also Rojas v. Romanoff, 186 A.D.3d. 103, 108 (1st Dept 2020) ("Under issue preclusion, the prior judgment conclusively resolves an issue actually litigated and determined in the first action ... There is a limit to the reach of issue preclusion, however. In accordance with due process, it can be asserted only against a party to the first lawsuit, or one in privity with a party." (internal citations omitted)).

Res judicata and claim preclusion bar the "relitigation ... of claims that were, or could have been, brought in an earlier litigation between the same parties or their privies." Bank of N.Y. v. First Millennium, Inc., 607 F.3d 905, 919 (2d Cir. 2010). See also Nilsen v. City of Moss Point, 701 F.2d 556, 560 (5th Cir. 1983) ("it is black-letter law that *res judicata,* by contrast to narrower doctrines of issue preclusion, bars all claims that were or *could have been* advanced in support of the cause of action on the occasion of its former adjudication ... not merely those that were adjudicated."). As with collateral estoppel, the Court applies New York law of res judicata

11

to the State Court judgment in the Foreclosure Action. In re Sokol, 113 F.3d at 306. New York takes a transactional approach to res judicata: "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." Sosa v. J.P. Morgan Chase Bank, 33 A.D.3d. 609, 611 (2d Dept 2006) (internal quotation marks and citation omitted). In determining what qualifies as the "same transaction," courts look to: "how the facts are related in time, space, origin or motivation; whether they form a convenient trial unit; and whether treating them as a unit conforms to the parties' expectations." See Marinelli Assocs. v. Helmsley–Noyes Co., 265 A.D.2d. 1, 5 (1st Dept 2000). Even if there are variations in the facts alleged or different relief is sought, if the actions are grounded on the same gravamen of the wrong, *res judicata* applies. Yeiser v. GMAC Mortg. Corp., 535 F. Supp. 2d 413, 422 (S.D.N.Y. 2008).

In New York, the doctrine of res judicata, or claim preclusion bars actions where: (i) there is a final judgment on the merits, (ii) involving the same parties or their privies, and (iii) involving the same cause of action. See Landau v. LaRossa, Mitchell & Ross, 11 NY3d 8, 12–13 (2008) (citing Parker v. Blauvelt Volunteer Fire Co., 93 NY2d 343, 347 (1999) ("a valid final judgment bars future actions between the same parties on the same cause of action. As a general rule, once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy."). See also Matter of Grainger (Shea Enters.), 309 N.Y. 605, 616 (1956) (noting "[t]he general doctrine of res judicata gives binding effect to the judgment of a court of competent jurisdiction and prevents the parties to an action, and those in privity with them, from subsequently re-litigating any questions that were necessarily decided therein").

12

Those elements are satisfied here. "A judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties, and concludes all matters of defense which were or might have been litigated in the foreclosure action." Signature Bank v. Epstein, 95 A.D.3d 1199, 1200 (2d Dept. 2012) (citation omitted); see also, Da Silva v. Masso, 76 N.Y.2d 436 (1990) ("It is elementary that a final judgment or order is a valid and conclusive adjudication of the parties' substantive rights…").

Here: (1) the parties in the instant litigation were parties in the State Foreclosure Action; (2) The Judgment of Foreclosure and Sale was entered by the Supreme Court of New York State; and (3) Plaintiff seeks to relitigate the issue of standing to bring the State Foreclosure Action, which has been denied by the state Court multiple times. The State Court has specifically cited to res judicata and the law of the case doctrine in the denials. In sum, because Plaintiff raised her present claims in prior court actions which were previously adjudicated on the merits, res judicata and collateral estoppel bar Plaintiff's current claims. Thus, in addition to the Rooker-Feldman doctrine, the Court concludes that Plaintiff's claims are barred by collateral estoppel and res judicata.

For the reasons set forth above, this Court respectfully recommends that to the extent that the complaint be dismissed in its entirety with prejudice.

## CONCLUSION

For the foregoing reasons, this Court respectfully recommends that the Defendants' motion to dismiss, found at docket entry No. 21 herein, be granted with prejudice.

## OBJECTIONS

A copy of this Report and Recommendation is being provided to Defendants' counsel via ECF.  Furthermore, the Court directs Defense counsel (1) to serve a copy of this Report and Recommendation by first class mail to Plaintiff at her last known address, and (2) to file proof of

service on ECF by July 8, 2024.  Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of filing of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision").

Dated: Central Islip, New York
       July 2, 2024

                                           /s/ Anne Y. Shields
                                         Anne Y. Shields
                                         United States Magistrate Judge